IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>    Plaintiff,<br><br>v.<br><br>EASTSIDE LOFT APARTMENTS PHASE II LIMITED PARTNERSHIP, ARKANSAS DEVELOPMENT FINANCE AUTHORITY, AND ARVEST BANK,<br><br>    Defendants. | Case No. 4:23-cv-00788-BSM |

**ORDER GRANTING JUDGMENT BY DEFAULT AGAINST DEFENDANT EASTSIDE LOFT APARTMENTS PHASE II LIMITED PARTNERSHIP, FINAL JUDGMENT AND DECREE OF FORECLOSURE**

Plaintiff Federal National Mortgage Association's motion for default judgment and decree of foreclosure is granted.

1. Plaintiff sued Eastside Loft Apartments Phase II Limited Partnership ("Eastside"), Arkansas Development Finance Authority ("ADFA"), and Arvest Bank (Arvest") for breach of contract, and requested the appointment of a receiver, foreclosure, and equitable and legal relief. [Doc. No. 1].

2. Plaintiff served a summons and copy of the verified complaint on Laura Jane Stone, the registered agent for The Arc Arkansas, which is a member of Eastside, on September 5, 2023. [Doc. No. 6].

1

3. Eastside has failed to answer or otherwise respond to Plaintiff's verified complaint as provided by the Federal Rules of Civil Procedure and, as a result, the Clerk entered a default against Eastside on October 6, 2023. [Doc. No. 16].

4. Eastside is therefore in default, and default judgment should be entered against it.

5. Eastside executed a Multifamily Note in favor of NEF Mortgage Corporation ("Original Lender") dated November 24, 2009, in the original principal sum of $809,000 (as assumed and assigned from time to time, the "Note").

6. To secure its obligations under the Note, Eastside executed a Multifamily Mortgage, Assignment of Rents, and Security Agreement dated November 24, 2009 (as assumed and assigned from time to time, the "Security Instrument") and granted Original Lender a first priority security interest in real property commonly known as the Eastside Loft Apartments located at 1400 Cumberland Street, Little Rock, Arkansas 72202 (as described more particularly in the Verified Complaint, the "Mortgaged Property"). Original Lender recorded the Security Instrument in the Pulaski County Circuit/County Clerk's Office ("Recording Office") on November 25, 2009, as Instrument Number 2009079200. *See* Doc. No. 1 at Exhibit E.

7. The Note, Security Instrument, and all other documents evidencing the Loan ("Loan Documents") have been assigned to Plaintiff by Community Development Trust, such that Plaintiff is the holder of the Note and in physical possession of the Loan Documents and is entitled to enforce the same.

8. By virtue of the Loan Documents, Plaintiff has security interests in and liens against the Mortgaged Property that are first, paramount, and prior to the right, title, claim, lien, and interest of all others, including, without limitation, Eastside, ADFA, and Arvest.

9. As alleged in the verified complaint, the Loan Documents authorize Plaintiff to enforce all or any of its rights contained in Loan Documents, enforce payment of indebtedness due under the terms of the Loan Documents, enforce any other legal or equitable rights, exercise any other legal or equitable remedies, and cure or remedy any default by Eastside for the purpose of preserving the Mortgaged Property.

10. The Loan Documents require Eastside to make monthly installments of principal and interest in the amount of $5,382.30 beginning on January 1, 2010, and continuing on the first day of every month thereafter.

11. Eastside defaulted on its obligations on April 1, 2023, when it failed to pay the monthly payment on the Loan, and has remained in default and made no payments since that time.

12. As permitted by the Loan Documents, Plaintiff has accelerated the obligations due under the Note and has made demand upon Eastside for payment of its obligations, but Eastside has failed comply.  The outstanding amount due and owing is $805,728.06 through February 29, 2024, with interest and default interest continuing to accrue at a per diem rate of $194.34 after February 29, 2024.

13. Eastside is in default of the Loan Documents.  Accordingly, Plaintiff is entitled to a judgment *in rem* against the Mortgaged Property in the amount of $824,228.06 plus all accruing interest, late fees, charges, attorneys' fees, and the cost of this action.

14. ADFA and Arvest have approved and consented to entry of this foreclosure decree by and through their counsel of record.

15. ADFA and Arvest may claim an interest in the Mortgaged Property.  Any such interest of ADFA and Arvest is subordinate and inferior to the interest of Plaintiff pursuant to the Intercreditor and Subordination Agreement ("Subordination Agreement") executed by Arvest and

ADFA and recorded in the Recording Office on November 25, 2009, as Instrument Number 2009079210.

IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED as follows:

A. Plaintiff Federal National Mortgage Association is awarded a judgment *in rem* against the Mortgaged Property (as defined in Plaintiff's verified complaint) in the amount of $824,228.06, this being the amount due and owing to the Plaintiff as of February 29, 2024, together with (i) the interest and default interest continuing to accrue at a per diem rate of $194.34 after February 29, 2024, through the date of the entry of this judgment; (ii) all additional funds expended, advanced, or otherwise paid by Plaintiff for the benefit of the Mortgaged Property and/or in connection with the foreclosure thereof from March 1, 2024 through the date of the entry of this judgment as may be demonstrated by receipts, affidavit or other similar evidence, including, but not limited to, any additional compensation paid by Plaintiff to the court-appointed receiver, Taratino Properties, Inc. in connection with the foreclosure of the Mortgaged Property; and (iii) all additional reasonable attorneys' fees and costs incurred by Plaintiff in enforcing its mortgage securing the Mortgaged Property from March 1, 2024, through the date of the entry of this judgment pursuant to Ark. Code Ann. § 16-22-308.

B. The foregoing judgment shall accrue interest at the highest rate allowed by Arkansas law until paid in full.

C. The Mortgage and Loan Documents grant to Plaintiff a first, prior, paramount, and perfected lien in and to the Mortgaged Property and entitle Plaintiff to foreclose all of its right, title and interest in the Mortgage Property and to sell the Mortgaged Property to satisfy the judgment.

  D. If said judgment is not wholly discharged within ten (10) days from the date of the judgment, the Mortgaged Property shall be sold by the United States Marshal for the Eastern District of Arkansas, after having advertised the same according to law and the orders of this court.

  E. Upon such sale, all right, title, interest, estate, and equity or possibility of dower, redemption, curtesy, homestead, or appraisements of the Eastside, ADFA, and Arvest in the Mortgaged Property and all claiming by, through or under them, shall be foreclosed and forever barred.

  F. The Mortgaged Property shall be sold on a credit of ninety (90) days, pursuant to Ark. Code Ann. § 18-49-104(a)(2); the purchaser will be required to execute a bond, with a commercial corporate surety, bearing interest from the date of sale until paid at the rate of ten percent (10%) per annum, the payment of said purchase price to be secured by a lien upon the purchased property; provided, however, that if Plaintiff Federal National Mortgage Association, or any of its successors, or assigns, becomes the purchaser at the sale for an amount not in excess of their judgment, interest, and costs herein, in lieu of giving bond, it may credit the amount of its bid, less the cost of these proceedings, including the U.S. Marshal's fee, on the judgment herein rendered at the time of confirmation of such sale, which credit shall be an extinguishment of its judgment with respect to the Mortgaged Property to the extent of such credit.  Should any successful bidder fail to perform under the instructions of the U.S. Marshal at the time of the sale, then that bid shall be void and set aside.  The U.S. Marshal thereafter shall find that the Mortgaged Property be awarded to the next successive high bidder, until performance is rendered.

  G. That the U.S. Marshal shall give notice of such sale once weekly for four (4) consecutive weeks by publication in a newspaper having a general circulation in Pulaski County,

Arkansas as required by 28 U.S.C. § 2002 and shall promptly report the result of the sale to the Court.

      H.     That the purchaser at the sale of the Mortgaged Property, after payment of the purchase price, shall be given possession upon demand and the Clerk of this Court is hereby authorized and directed to issue writs of assistance to the United States Marshal for the Eastern District of Arkansas, who will proceed to place the purchaser in possession of the property.

      I.     That the sale proceeds, after expenses of sale, shall be paid and distributed to Plaintiff, to the extent of the judgment *in rem* herein awarded. Any overplus from the sale of the Mortgaged Property over and above Plaintiff's judgment, interest, and costs shall be paid over to the registry of the court and anyone who claims an equitable or legal interest in and to all or any portion of the overplus shall petition the court for a determination of each party's priority of interest and aliquot shares or proration, if any, thereunto said overplus.

IT IS SO ORDERED this 2nd day of April, 2024.

_____
UNITED STATES DISTRICT JUDGE